| | |
|---|---|
| 1 | Heather Davis (SBN 239372) |
| 2 | Amir Nayebdadash (SBN 232204) |
|   | Shadi Sahebghalam (SBN 343043) |
| 3 | Kiryl Karpiuk (SBN 359697) |
|   | **PROTECTION LAW GROUP, LLP** |
| 4 | 149 Sheldon Street |
|   | El Segundo, CA 90245 |
| 5 | Telephone: (424) 290-3095 |
|   | Facsimilie: (424) 768-7880 |
| 6 | heather@protectionlawgroup.com |
|   | amir@protectionlawgroup.com |
| 7 | shadi@protectionlawgroup.com |
|   | kiryl@protectionlawgroup.com |
| 8 | *Attorneys for* Plaintiff |
| 9 | S.B.C.W. CONSULTING, INC. |
|   | dba 76 FORD EXIT |
| 10 | [*Additional Counsel continued on next page*] |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.B.C.W. CONSULTING, INC. dba 76 FORD EXIT, individually and on behalf of others similarly situated, | Case No.: 2:24-cv-03193-SRM-AGR |
| | *Assigned for All Purposes to: Hon. Serena R. Murillo, Courtroom 9B* |
| Plaintiff, | **JOINT STIPULATION TO STAY DISCOVERY AND TRIAL DEADLINES** |
| v. | |
| TSYS MERCHANT SOLUTIONS, LLC, a Delaware limited liability company; TSYS ADVISORS, INC., a Georgia corporation; TSYS ACQUIRING SOLUTIONS, L.L.C., a Delaware limited liability company; and DOES 1 through 10, inclusive, | Complaint Filed:  April 18, 2024<br>Complaint Served: August 1, 2024<br>Trial Date:       None Set |
| Defendants. | |

JOINT STIPULATION TO STAY DISCOVERY AND TRIAL DEADLINES – CASE NO. 2:24-cv-03193-SRM-AGR

| | |
|---|---|
| 1 | Theresa A. Kristovich (SBN 66490) |
| 2 | Jonathan D. Marvisi (SBN 319170)<br>**KABAT CHAPMAN & OZMER LLP** |
| 3 | 333 S. Grand Avenue, Suite 2225<br>Los Angeles, CA 90071 |
| 4 | Telephone:  (213) 493-3989<br>Facsimile:   (404) 400-7333 |
| 5 | tkristovich@kcozlaw.com<br>jmarvisi@kcozlaw.com |
| 6 | |
| 7 | Alan G. Snipes (admitted *pro hac vice*)<br>Thomas F. Gristina (admitted *pro hac vice*) |
| 8 | **PAGE SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**<br>1111 Bay Avenue, 3rd Floor |
| 9 | Columbus, GA 31901<br>Telephone:  (706) 324-0251 |
| 10 | Facsimile:   (706) 323-7519<br>asnipes@pagescrantom.com |
| 11 | *Attorneys for* Defendants |
| 12 | TSYS MERCHANT SOLUTIONS, LLC,<br>TSYS ADVISORS, INC. |
| | and TSYS ACQUIRING SOLUTIONS, L.L.C. |

**TO THE HONORABLE COURT HEREIN:**

IT IS HEREBY STIPULATED by and between the parties, Plaintiff S.B.C.W. Consulting, Inc. dba 76 Ford Exit ("Plaintiff") and Defendants TSYS Merchant Solutions, LLC, TSYS Advisors, Inc., and TSYS Acquiring Solutions, L.L.C., (collectively, "Defendants") (collectively, the "Parties"), through their respective attorneys of record, stipulate as follows:

WHEREAS, Plaintiff filed its Complaint on April 18, 2024 (Dkt. 1);

WHEREAS, on April 24, 2025, the Court set a litigation schedule in its Scheduling Order – Class Action (the "Order") (Dkt. 122);

WHEREAS, pursuant to the Order, Plaintiff filed its Motion for Class Certification on May 22, 2025 (Dkt. 136); Defendants filed their Oppositions on June 12, 2025 (Dkts. 138 and 139); and Plaintiff filed its Reply on June 26, 2025 (Dkt. 141);

WHEREAS, in its Order, the Court set a hearing for Plaintiff's Motion for Class Certification for July 17, 2025;

WHEREAS, on July 11, 2025, the Court took the hearing on Plaintiff's Motion off calendar (Dkt. 144);

WHEREAS, in its Order, the Court set August 14, 2025, as the Fact Discovery Cut-Off; August 21, 2025, as the initial deadline for Expert Disclosures; September 4, 2025, as the deadline for rebuttal Expert Disclosures; October 16, 2025, as the Expert Discovery Cut-off; December 17, 2025 as the Settlement Conference Deadline; January

15, 2026 and January 29, 206 as the Trial Filings Deadlines; and March 3, 2026 as the starting date for Trial;

WHEREAS, on August 20, 2025, the Court extended the deadlines for fact and expert discovery in light of the pending Motion for Class Certification (Dkt. 146);

WHEREAS, the Court has yet to rule on Plaintiff's Motion for Class Certification;

WHEREAS, the forthcoming ruling on class certification is expected to provide confirmation regarding the scope of the class, the extent of additional discovery required, and the matters that may be at issue at trial;

WHEREAS, it is Defendants' position that engaging in further discovery without clarification as to the scope of the class would result in potentially unnecessary use of time and resources;

WHEREAS, Plaintiff acknowledges Defendants' position but nonetheless requires discovery to move forward to meet the deadlines in the Court's current Scheduling Order (Dkt. 146), leaving the Parties in a discovery standstill;

WHEREAS, the Parties are unable to meet the upcoming fact and expert discovery deadlines without confirmation regarding the scope of the case, and the parties are unable to adequately prepare the issues for trial without knowing the scope of the case;

WHEREAS, a modest adjustment to the schedule would allow discovery efforts and trial to proceed with clarity and efficiency;WHEREAS, the Parties have met and conferred and agree that a stay of the deadlines is necessary;

WHEREAS, the Parties request that all current deadlines be stayed in this case pending the Court's ruling on the Motion for Class Certification;

WHEREAS, the Parties request that they be ordered to provide a new proposed schedule to the Court within ten (10) days after the date the Court rules on the pending Motion for Class Certification; and

WHEREAS, the Parties agree that the proposed schedule will provide for at least ninety (90) days to complete fact discovery after the Court's ruling, and for the initial expert disclosure deadline to be at least thirty (30) days after the close of fact discovery; NOW, THEREFORE, BASED ON THE FOREGOING FACTS, THE PARTIES HEREBY STIPULATE THAT:

1. All current deadlines set forth in the Court's August 20, 2025 Order (Dkt. 146) should be stayed pending the Court's ruling on the pending Motion for Class Certification.

2. Within ten (10) days following the Court's ruling on the Motion for Class Certification, the Parties should provide a joint report to the Court proposing a new schedule for all discovery and trial deadlines in this case.

3. The Parties' proposed schedule will provide for at least ninety (90) days to complete fact discovery after the Court's ruling.

4. The Parties' proposed schedule will provide for at least thirty (30) days between the close of fact discovery and the deadline for initial expert disclosures.

DATED: 09/15/2025

/s/ Alan G. Snipes
_____
Theresa A. Kristovich
Jonathan D. Marvisi
**KABAT CHAPMAN & OZMER LLP**

Alan G. Snipes
Thomas F. Gristina
**PAGE SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**
Attorneys for Defendants
TSYS MERCHANT SOLUTIONS, LLC, TSYS ADVISORS, INC. and TSYS ACQUIRING SOLUTIONS, L.L.C.

DATED: 09/15/2025

_____
Heather Davis
Amir Nayebdadash
Kiryl Karpiuk
Shadi Sahebghalam
**PROTECTION LAW GROUP, LLP**
*Attorneys for* Plaintiff
S.B.C.W. CONSULTING, INC. dba 76 FORD EXIT, individually and on behalf of all others similarly situated

Attestation: I, Heather Davis, hereby attest that I have received the consent of Alan Snipes, counsel for Defendants, to file this document and that he concurs with this document's contents.